[No. 18590. Department Two. November 18, 1924.]

## C. W. MORRISON, *Respondent*, v. AHRENS & AHRENS, INCORPORATED, *Appellant*.[1]

CONTRACTS (2)—CERTAINTY—AGREEMENT TO PURCHASE. An agreement to purchase a new automobile, upon the dealer's selling the purchaser's old car, which was to be first disposed of, is not established by negotiations looking to that end, where the terms were never agreed on other than that credit should be given on the sale price of a new one, and the parties could not agree on the terms after the sale of the old car.

PRINCIPAL AND AGENT (63)—SALE BY AGENT—DEDUCTIONS AND CHARGES—RATIFICATION—ACCEPTANCE OF BENEFITS. Where the owner of a car left it with a dealer for sale, who spent $105.10 in repairs which were necessary, and sold it for $700, the owner's action to recover the whole sale price was a ratification of the repairs made, and he could recover only the sum received, less the dealer's expenses and repair bill.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered December 22, 1923, upon findings in favor of the plaintiff, in an action for money received, tried to the court. Modified.

*Allen, Winston & Allen,* for appellant.

*Merritt & Curtiss,* for respondent.

BRIDGES, J.—In his complaint the plaintiff alleges that, in June, 1923, he was the owner of an old Stevens automobile and that he delivered it to the defendant to be sold by the latter for not less than $700, and when sold the plaintiff was to receive that sum from the defendant; that thereafter the defendant made the sale for the sum mentioned and refused to pay the proceeds, or any portion thereof, to the plaintiff. The demand was for the full sale price of $700. The answer admitted that the defendant sold the car for the plaintiff, but alleged that the agreement with reference

[1]Reported in 230 Pac. 137.

thereto was that, when the car was sold, the sale price should be kept by it as a part of the purchase price on a new Stevens car agreed to be purchased by the plaintiff, and that, although defendant has at all times been ready and willing to sell such new car and abide by the contract, the plaintiff had renounced the agreement and had refused to purchase. During the trial, the defendant's answer was amended to allege in substance that, if the money for which the car was sold belonged to the plaintiff, then it was entitled to deduct therefrom as damages the profit it would have made had the contract been carried out and the plaintiff purchased a new car.

The only finding made by the trial court was that the plaintiff delivered his old car to the defendant to be sold by the latter and that it was sold for $700, and the expense of such sale was $95.50, and that that amount should be deducted from the sale price, and that judgment should run in favor of the plaintiff for the balance of $604.50. Thereafter judgment was entered in accordance with the finding. Defendant has appealed.

A careful consideration of the testimony leads us to believe the facts to be these: There were negotiations between the parties to this action looking toward the purchase by the respondent of a new Stevens car, the old one to be taken in by the appellant in part payment. These negotiations failed because the respondent demanded that his car should be taken in at a value of $600, whereas the appellant refused to pay more than $450 or $475 therefor. At that time there was some conversation of a rather indefinite nature to the effect that appellant might be able to sell the car for $600 or more. At any rate, the respondent delivered the car into the possession of the appellant with the view that it would be sold and probably the respond-

ent would purchase a new car, paying the full purchase price less the sale price of the old car. To assist in making the sale, the appellant made repairs on the old car, the reasonable value of which was $105.10. The respondent did not authorize these repairs and did not know of them until after they were made. The car was ultimately sold on conditional sale terms for $700. In making the sale the appellant was at an expense of $95.50 in discounting the sale contract and in paying the sale commission, leaving $604.50 in its hands. The judgment was for this sum.

The appellant contends that there was a contract by virtue of which the sale price of the old car was to apply on the purchase price of a new one, and that for this reason the respondent was not entitled to any portion of the money and was not entitled to any benefit thereof except by purchasing a new car and being given credit for the sale price of the old car.

We are convinced, however, that there was no binding agreement to the effect that the respondent would purchase a new car in the event the old one was sold. It is true that there was considerable talk about it, and it is also doubtless true that both parties anticipated that the respondents would purchase a new car, but there was no such contract as can be enforced. There had been nothing said whatsoever concerning the terms of the purchase of the new car, other than that credit should be given for the sale price of the old one. For instance, nothing was said as to how and when the balance of the purchase price was to be paid. After the appellant had made the sale of the old car, negotiations were renewed concerning the purchase of a new one, but the parties were unable to agree upon the manner of payment, and for this reason no sale of the new car was made.

For these reasons we are satisfied the appellant was not entitled to hold the money in its hands for the purpose of applying it on the purchase price of a new car.

What we have said disposes of appellant's further contention that, in any event, they are entitled to deduct as damages the sum of $300, which represents the profit which it would have made had the respondent purchased a new car.

The appellants further contended, and particularly in their oral argument in this court, that the judgment is wrong because there should have been an additional deduction in the sum of $105.10, being the repair bill. The respondent denies that he is in any wise liable for this item, because he did not authorize it. We think the trial court was in error in not making this deduction. It is true respondent did not authorize any of these repairs to be made, but the testimony shows that they were essential to making the sale and that the car sold for a larger sum because of the repairs. Respondent might have sued for the value of his car when it was turned over to appellants, but this he did not do. He sued for the sum for which the car was sold. In so doing, he not only ratified the action of the appellant in making the sale, but by claiming the whole sale price he claimed the benefit of the repairs and thereby ratified the appellant's action in making them. Having so elected, he cannot now refuse to pay the repair bill.

The judgment, which was for $604.50, will be reduced to $499.40.

MAIN, C. J., FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.